IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**KEDRICK TREVON DARROUGH, SR.**                              **PETITIONER**
**ADC #137735**

v.                      CASE NO.: 5:13CV00134 SWW/BD

**RAY HOBBS,**
Director, Arkansas Department of Correction                  **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.     Discussion

Petitioner Kedrick Trevon Darrough, Sr., an inmate in the Arkansas Department of Correction, filed this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1), challenging his state conviction for possession with intent to deliver a controlled substance.  Here, Mr. Darrough challenges the same conviction, on the same grounds, as in case number 5:08CV00303 SWW-BD, which the Court dismissed with prejudice.  Because this is an unauthorized, second habeas corpus petition, it should be summarily dismissed, without prejudice, for lack of jurisdiction.

Before filing a second or successive habeas petition in district court under §2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider a successive petition.  28 U.S.C. § 2244(b)(3)(A).  Without an order from the court of appeals authorizing the filing of a second or successive petition, the district court lacks jurisdiction to hear the petition.  *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).[1]  Summary dismissal of a habeas corpus petition –  prior to any answer or other pleading being filed by the State – is appropriate where the petition itself

---

[1] The court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  See 28 U.S.C. § 2244(b)(2).

and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

In his first pro se habeas corpus petition, Mr. Darrough raised the same four claims for relief that he raises here. After filing his initial petition, Mr. Darrough retained counsel who filed an amended petition claiming only ineffective assistance of trial counsel. The Court addressed only the ineffective assistance of counsel claim raised in the amended petition. Mr. Darrough must get an order from the court of appeals to raise claims in a second or successive petition that were not presented in a prior application. 28 U.S.C. § 2244(b)(2)-(3)(A).

After the dismissal of Mr. Darrough's first federal petition, he sought additional post-conviction relief in the State courts. *Darrough v. State*, 2013 Ark. 28 (2013). From the face of the instant habeas corpus petition, however, read together with court records in case number 5:08CV00303 SWW-BD, it is apparent that this is a second petition challenging the same conviction on the same grounds as his prior petition, regardless of the post-dismissal State filings.

Mr. Darrough does not allege or provide evidence that he has sought or received authorization from the Court of Appeals to file a second petition. Accordingly, the second petition should be summarily dismissed.

### III.     Conclusion

The Court recommends that Judge Wright dismiss Kedrick Trevon Darrough's second petition for writ of habeas corpus, without prejudice, for lack of jurisdiction. Further, the Court recommends that Judge Wright deny a certificate of appealability.

DATED this 14th day of May, 2013.

```
_____
UNITED STATES MAGISTRATE JUDGE
```